UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANN MARIE KLOTZ,            )
                            )
        Plaintiff,          )
                            )
    v.                      )    No. 4:05-CV-1034 CAS
                            )
CORVEL HEALTHCARE CORPORATION, )
et al.,                     )
                            )
        Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to remand filed by plaintiff Ann Marie Klotz ("Klotz" or "plaintiff") and a motion to dismiss filed by defendant Theresa Neuhaus ("Neuhaus"). Defendant CorVel Healthcare opposes plaintiff's motion to remand and plaintiff opposes Neuhaus' motion to dismiss. For the following reasons, plaintiff's motion to remand will be granted and the Court does not reach defendant's motion to dismiss.

### Background

Plaintiff initiated this employment discrimination action against defendants CorVel and Neuhaus in the Circuit Court of the County of St. Louis, Missouri. The Petition alleges that despite Plaintiff's high job performance, defendants committed discriminatory and retaliatory acts against her because of her sex, which resulted in her constructive discharge. Plaintiff alleges that defendants violated the Missouri Human Rights Act (MHRA) and seeks damages including lost wages and benefits and for emotional distress.

CorVel removed the case to this Court based on federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and 28 U.S.C. §§ 1441 (a) and (c). CorVel asserts that Neuhaus was fraudulently joined by plaintiff in order to defeat complete diversity of citizenship and that the matter in controversy exceeds $75,000. CorVel also asserts that this Court has jurisdiction because plaintiff's Petition asserts federal claims under Title VII of the Civil Rights Acts of 1964. Finally, CorVel argues that Neuhaus is not a proper party to this proceeding because plaintiff did not exhaust administrative remedies against her individually.

**Legal Standard**

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977). "However, if there is a 'colorable'

cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder." Filla, 336 F.3d at 810.

This Court has stated that to "establish fraudulent joinder, the removing party must show that there is no possibility that plaintiff could state a cause of action against the resident defendant, or that there has been fraud in the plaintiff's pleading of jurisdictional facts." Richka Enter., Inc. v. American Family Mut. Ins., Co.. 200 F.Supp.2d 1049, 1050-51 (E.D. Mo. 2001).

When faced with an allegation of fraudulent joinder, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 122 (3d Cir. 1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

**Discussion**

Klotz moves to remand on the basis that neither federal question nor diversity jurisdiction exists in this case. The Court will address the two potential bases for jurisdiction separately.

A. Federal Question Jurisdiction

CorVel removed this case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §1332. Based on plaintiff's original EEOC filing and Petition, CorVel believed that plaintiff was alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and under

3

the Missouri Human Rights Act. Defendant points out that in the Petition plaintiff alleged she was discharged in violation of both her state and federally protected rights. Additionally, in two separate headings plaintiff cites to Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), a Title VII case.

Plaintiff states in her Motion to Remand that her only claim is under the MHRA, and cites to the statement in the Petition that "this Court has jurisdiction pursuant to § 213.111 RSMo. (2000)." Petition at 2, ¶ 6. Plaintiff also states that she cited to Price Waterhouse only to establish the burden-shifting structure upon which she based her claim.

In its Memorandum in Opposition to plaintiff's Motion to Remand, CorVel appears to acknowledge that plaintiff only brings claims under the MHRA. The Petition does refer to plaintiff's "federally protected rights" and cites a Title VII case in the heading of Counts I and II, but also states that plaintiff only seeks damages for defendant's alleged violations of the Missouri Human Rights Act. The Court concludes that the federal references in plaintiff's Petition are mere surplusage, and do not assert a claim under Title VII. Because plaintiff only brings claims under Missouri law and not under the Constitution, laws, or treaties of the United States as required by 28 U.S.C. § 1331, this Court does not have federal question jurisdiction over this matter.

     B. Diversity Jurisdiction

Plaintiff asserts that complete diversity of citizenship as required by 28 U.S.C. § 1332 does not exist because at the time the petition was filed, both she and defendant Neuhaus were Missouri residents. Plaintiff asserts that defendant Neuhaus is properly joined as a party for two reasons: First, she is subject to individual liability under Mo. Rev. Stat. § 213.055 (2000)[1] as interpreted in Hill v.

---

[1] All future references are to the 2000 edition of the Revised States of Missouri, unless otherwise noted.

Ford Motor Co. 324 F.Supp.2d 1028 (E.D. Mo. 2004), and second, she is subject to "aiding and abetting" liability under Mo. Rev. Stat. § 213.070.

1. Supervisor Liability.

Plaintiff contends that Neuhaus violated section 213.055.1 of the Revised Statutes of Missouri by discriminating against plaintiff based on sex, making her a proper party to this action. Section 213.055.1 states:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual:

(a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

(b) To limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

Mo. Rev. Stat. § 213.055.1.

Plaintiff argues that because the MHRA defines the term "employer" to include "any person employing six or more persons within the state, and any person directly acting in the interest of an employer," Mo. Rev. Stat. § 213.010.14, Neuhaus should be considered an "employer" for purposes of this action. Plaintiff relies on Hill, in which Judge Limbaugh held that the Missouri Supreme Court might impose liability against individual employees under § 213.055.1 and remanded the case to state court.

In response, defendant contends that the Eighth Circuit has rejected this argument and held that under the MHRA the term "employer" does not include individual supervisors, citing Lenhardt

v. Basic Institute of Technology, Inc., 55 F.3d 379 (8th Cir. 1995). Defendant argues that this Court is bound to apply Eighth Circuit precedent.

In Lenhardt, the Eighth Circuit concluded that "the Missouri Supreme Court would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability." Lenhardt, 55 F.3d at 381. Plaintiff's assertion that this Court should disregard Lenhardt and instead rely on Hill is contrary to well-settled rules of deference to appellate-level rulings. A district court has no power to replace binding circuit law with its own view. Xiong v. State of Minnesota, 195 F.3d 424, 426 (8th Cir. 1999). Since Lenhardt was decided, neither the Missouri Supreme Court nor the Eighth Circuit Court of Appeals have addressed the issue of supervisor liability under the MHRA, and as a result Lenhardt remains binding precedent on this issue. Accordingly, plaintiff clearly cannot assert a claim against Neuhaus under § 213.055, so joinder on this basis is fraudulent.

2. Retaliation and Aiding and Abetting

Plaintiff asserts that by retaliating against her for making complaints of gender discrimination to upper-level management, Neuhaus violated section 213.070 of the MHRA. Section 213.070 states in relevant part:

It shall be an unlawful discriminatory practice:

(1) To aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so;

(2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter;

Mo. Rev. Stat. § 213.070.

Plaintiff contends that unlike section 213.055, section 213.070 is not expressly limited to any class of persons. Plaintiff cites Vacca v. Mallinckrodt Medical, Inc., No. 4:96-CV-0888 MLM (E.D. Mo. Jan. 15, 1997), which held that the plaintiff could state a claim against her supervisor under Section 213.070 for retaliating against the plaintiff for opposing her employer's discriminatory practices.

Defendant responds that if section 213.070 is interpreted to allow anyone to be held liable for one of the prohibited acts, the result would be actions for retaliation under the Act where no relationship exists between the person claiming retaliation and the person charged with retaliation. CorVel argues that this interpretation would render § 213.055 and Lenhardt's interpretation of the definition of "employer" meaningless. Defendant asserts that the Vacca decision was wrongly decided.

Neither the Eighth Circuit nor the Missouri Supreme Court have addressed the issue of whether a supervisor may be held liable for the acts prohibited in section 213.070. In Keeney v. Hereford Concrete Products, 911 S.W.2d 622 (Mo. 1995) (en banc), the Missouri Supreme Court had to determine whether a former employee could sue his employer for retaliation under § 213.070 for discontinuing severance payments after the employee filed a charge of handicap discrimination with the Missouri Commission on Human Rights. The employer made the same arguments against the viability of the claim under § 213.070 as made by defendant in this case.

The Missouri Supreme Court first looked to the analogous federal statute, 42 U.S.C. § 2000e-3(a), but found that "the difference in the language employed by the two statutes is sufficiently stark to render judicial interpretations of the federal law inapposite for purposes of assigning meaning to section 213.070." Id. at 624. The court then examined what it called the "clear and unambiguous" language of section 213.070.2 and found that the broad language encompassed the plaintiff's claim:

7

> The statue renders retaliation "in any manner against any other person" an unlawful discriminatory practice.
>
> Where the language of the statute is unambiguous, courts must give effect to the language used by the legislature. Kearney Special Road District v. County of Clay, 863 S.W.2d 841, 842 (Mo. banc 1993). Courts lack authority "to read into a statute a legislative intent contrary to the intent made evident by the plain language. [Citation omitted.] There is no room for construction even when the court may prefer a policy different from that enunciated by the legislature." Id. at 842.

Id. The court refused to "explore the outer boundaries of section 213.070," noting that because the alleged victim was a former employee of the company charged with committing a retaliatory act, the claim promoted the MHRA's purpose of prohibiting discrimination or retaliation in employment. Id. at 625.

In Vacca, the plaintiff asserted a claim against her former supervisor under section 213.070, alleging that he aided and abetted her former employer in its unlawful discriminatory practices. The supervisor moved to dismiss, arguing that he could not be held personally liable under section 213.070. Judge Medler examined the Missouri Supreme Court's Keeney decision and determined from the principles expressed in it that the plaintiff alleged a viable cause of action against her former supervisor under section 213.070, because the plain language of the statute appears to prohibit any person from engaging in the prohibited acts.

This Court agrees with the analysis in Vacca. The Missouri Supreme Court clearly ruled that "retaliation 'in any manner against any other person'" is an unlawful discriminatory practice under § 213.070. Keeney, 911 S.W.2d at 624. Unlike section 213.055.1 of the MHRA which limits liability only to "employers," section 213.070 is not expressly limited to any class of persons. Moreover, analogous to Keeney, the alleged victim in this case is a former employee of the company and

supervisor charged with committing a retaliatory act. As a result, the claim promotes the MHRA's purpose of prohibiting discrimination or retaliation in employment. See id. at 625.

As stated above, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. Under this standard, plaintiff has a colorable cause of action against Neuhaus, as section 213.070 of the MHRA might impose liability against her on the facts alleged. Neuhaus is therefore not fraudulently joined with respect to this claim, and as a result the Court lacks diversity jurisdiction.

### 3. Failure to Exhaust Administrative Remedies.

Finally, defendant argues that plaintiff failed to exhaust all administrative remedies for a claim against defendant Theresa Neuhaus and therefore cannot sue her under the MHRA, making her an improper party to this action. Neuhaus asserts this same argument in her separate motion to dismiss. Defendant submits an affidavit and several documents in support of this argument. Plaintiff replies that she may sue Neuhaus under the "identity of interest" exception to the administrative exhaustion requirement, as her EEOC charge directly names Neuhaus and describes her conduct as discriminatory to plaintiff.

After careful consideration, the Court does not believe that basing its decision on the exhibits provided by CorVel would be appropriate in this matter. Consideration of these exhibits would be appropriate if the Court were considering a dispositive motion. In ruling on the motion to remand, however, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve all facts in the plaintiff's favor. Filla, 336 F.3d at 811. Where "state law might impose liability on the

9

resident defendant under the facts alleged . . . there is no fraudulent joinder." Id. at 810. The issue of administrative exhaustion is therefore properly left to the state court for resolution.

**Conclusion**

For the foregoing reasons, the Court concludes that no federal question jurisdiction exists in this case, and there is not complete diversity of citizenship as required by 28 U.S.C. § 1332 because both plaintiff and defendant Neuhaus are citizens of the State of Missouri. As a result, the Court lacks subject matter jurisdiction over this action and plaintiff's motion to remand should be granted. Defendant Neuhaus' motion to dismiss will remain pending for resolution by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ann Marie Klotz's motion to remand is **GRANTED**. [Doc. 7]

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of November, 2005.